**Steven SWAFFORD and Brenda Swafford, his wife, Respondents,**

v.

**MINERAL AREA REALTY, INC., A Missouri Corporation and Wilda Bee Lacy, Appellants.**

No. 45863.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 17, 1983.

Motion for Rehearing and/or Transfer Denied July 6, 1983.

Ronald E. Pedigo, Farmington, for appellants.

James E. Alexander, Farmington, for respondents.

CRIST, Judge.

Appeal from a jury verdict rendered in a conversion action. Appellants proffer the two verdict directing instructions were reversibly erroneous because there was no specific reference to the purpose of the $500.00 deposit paid to the appellant real estate company. We disagree and affirm.

Respondent, husband and wife (purchasers), entered into a written contract to buy a 5 acre tract of land from a Mr. William Williams. Williams had listed the 5 acres for sale with appellant, Mineral Area Realty, Inc. (real estate company). Appellant Wilda Bee Lacy was the president of the real estate company. The 5 acre tract is part of a 42 acre tract. Part of the agreement called for Williams to pay for a survey showing the legal description of the 5 acre tract. The land contract was prepared and executed in the office of real estate company.

Subsequent to the execution of the land contract, purchasers sent a $500.00 check to the real estate company. The contract did not require a $500.00 payment. It is the classification of this payment that is now in dispute. Upon receipt of the check, real estate company deposited it into their office account.

The dispute arose after the land sale failed to reach fruition due to the failure of

Williams to have the land surveyed. Following the breach of the contract by Williams, purchasers demanded the return of their $500.00. Real estate company, by and through its agent Ms. Lacy, refused to return the money. Purchasers sued in conversion seeking actual and punitive damages. The jury returned a verdict of $500.00 actual damages against both appellants, and $9,000.00 in punitive damages against the real estate company alone. Similar verdict directors were submitted and given as to the real estate company and Ms. Lacy:

### INSTRUCTION NO. 7

Your verdict must be for plaintiffs and against defendant Wilda Bee Lacy if you believe:

First, plaintiffs gave Five Hundred ($500.00) Dollars to defendant Mineral Area Realty, Inc. *as a deposit* (emphasis added) on a contract for the sale of real estate mentioned in the evidence; and

Second, after the contract was breached, plaintiffs were the owners of and were entitled to the immediate possession of the Five Hundred ($500.00) Dollar deposit upon demand by plaintiffs; and

Third, defendant Mineral Area Realty, Inc. refused to return the Five Hundred ($500.00) Dollar deposit upon demand by plaintiffs; and

Fourth, defendant Wilda Bee Lacy intentionally aided and assisted Mineral Area Realty, Inc. in the actions submitted in paragraph Third, and

Fifth, as a direct result of defendant Mineral Area Realty, Inc.'s refusal to return the Five Hundred ($500.00) Dollar deposit, plaintiffs were damaged.

Defendant requests a new trial because the verdict directors in Instructions 6 and 7 did not specify the purpose of the $500.00 deposit. This court has repeatedly held that while a trial court has a duty to explain technical and legal terms appearing in an instruction, the meaning of ordinary words used in their conventional sense need not be defined. *Huff v. Union Electric Co.,* 598 S.W.2d 503, 510 (Mo.App.1980). In other words, jurors should be credited with having common sense and an average understanding of our language. *Executive Jet Management, Etc. v. Scott,* 629 S.W.2d 598, 608 (Mo.App.1981).

In the instant case, the defendant argues the word "deposit" requires further definition and believes, the term standing alone has a tendency to mislead or confuse the jury. We disagree. The word "deposit" is a word of common usage. Moreover, the application of the word is certainly experienced by everyone. When appearing in a real estate context, the word is commonly defined as, "a partial and first payment on account of the purchase price of property." Webster's Third New International Dictionary 605 (1976).

There was substantial evidence that the $500.00 paid to Mineral Realty was in fact a down payment made with the expectation of receiving 5 acres of land. Accordingly, we find the term "deposit," as it appears in the verdict director, is a specific term of common usage, and required no further explanation to the jury. See, *Huff v. Union Electric Co.,* 598 S.W.2d at 510.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.